KURT S. ODENWALD, Judge, concurring.
I concur. The majority correctly notes that the United States Supreme Court's recent holding in Bristol-Myers Sguibb Co. v. Superior Court of California, --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) is controlling and mandates reversal of the trial court's judgment. I write separately to emphasize that the opinion in Bristol-Myers Sguibb is firmly grounded in the United States Supreme Court opinion in Daimler AG v. Bauman, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). In Daimler, the Supreme Court thoughtfully expounded upon the principles of personal jurisdiction, making it clear that personal jurisdiction over a foreign corporation to hear any and all claims against it exists only when the corporation's affiliations with the state in which the suit is brought are constant and pervasive (general jurisdiction) or when the corporation's in-state activities are continuous and systematic, but also give rise to the liabilities sued on (specific jurisdiction). Daimler, 134 S.Ct. at 761 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ). Importantly, in both Daimler and Bristol-Myers Squibb, the Supreme Court did not establish new rules regarding personal jurisdiction, but relied upon the traditional notions of personal jurisdiction explained in International Shoe.
*53 As the majority notes, acknowledging the holding in Bristol-Myers Squibb, Fox requests that we remand the case to the trial court for further development of the factual record supporting jurisdiction "under the narrower standard of [ Bristol-Myers Squibb ] heretofore not required in Missouri." While I acutely understand the desire of Fox to revisit the issue of personal jurisdiction, the record before us clearly precludes this option. First, Fox had the opportunity to fully present all of her arguments and evidence to support the exercise of personal jurisdiction by the trial court. More importantly, the Supreme Court opinion in Daimler was published in January 2014, months before Fox filed her lawsuit in Missouri state court. The record shows that the Daimler opinion was squarely before the trial court-all parties vigorously arguing how that opinion impacted the analysis of personal jurisdiction. If Fox had or suspected the existence of the additional evidence that she now suggests would establish the trial court's exercise of personal jurisdiction over the defendant, she had full and ample opportunity to engage in discovery and present such evidence to the trial court. She did not. The impact of Bristol-Myers Squibb on the issue of personal jurisdiction for the trial court was not the result of a new rule of law, but a reaffirmation of the traditional rules of personal jurisdiction discussed long ago by the Supreme Court in International Shoe, and more recently reaffirmed in Daimler.
Our ability to remand to the trial court for reconsideration of evidence and issues related to personal jurisdiction is not restricted by procedural obstacles, but by the very plain and clear substantive law as explained by the United States Supreme Court beginning with International Shoe and most recently re-affirmed in Daimler and Bristol-Myers Squibb. We not only decline the procedural request for remand made by Fox, but are without authority to do so.